DOWLING (BURCH v.). See Case No. 2,139.

DOWLING (MURRAY v.). See Case No. 9,959.

---

## Case No. 4,042.

### DOWLING v. The RELIANCE.

[1 Woods, 284.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1872.

#### MARITIME LIENS—PART OWNERS.

A person who makes a parol contract for the purchase of a share in a vessel, and receives, jointly with the other owners, possession of the vessel, cannot acquire a lien upon her for maritime services.

[Appeal from the circuit court of the United States for the district of Louisiana.]

T. M. Gill, for intervener.
B. Egan, for complainant.

WOODS, Circuit Judge. W. H. Riddle, who intervenes in the suit of Dowling against the steam tug Reliance, claims to recover of the tug the sum of $290, being the remainder of his wages, due for his services as pilot from September 1, 1871, to December 8 of the same year, at the rate of $150 per month. The answer does not deny the services of the intervener, but alleges that he was not shipped or hired as pilot, but that he rendered the services sued for. as master, and under the express understanding and agreement that he should become a part owner of the tug.

The evidence is somewhat conflicting as to the precise character in which the intervener served on the tug, whether as pilot or master. But as to the contract or agreement that intervener was to become a part owner, the record clearly establishes these facts: That prior to the date when intervener commenced his services on the tug, to-wit, in August, 1871, she was the property of William Taylor; that Taylor made a verbal agreement with the intervener, Riddle, and one Chapman, by which he sold to them each one third of the tug, retaining the other third himself. No bill of sale was ever executed conveying to these purchasers their respective shares, but an account was opened with each in a book kept on board the tug, and open to their inspection, and which, it is clear from the evidence, they must have seen, in which each was charged with the purchase money of his share of the tug, namely, $2.000.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

There can be no doubt that Taylor in this manner sold to Riddle and Chapman each one-third of the tug, and the purpose and hope of these joint owners was that by putting the tug in good repair, and all three devoting their time and labor to the task of running her, they would be able not only to pay off the claims then outstanding against the tug, but that Riddle and Chapman, out of their portion of the profits of the business, would be able to pay the purchase money for their shares respectively. It is further established by the proof, that during all the time of the service of Riddle upon the tug, she stood registered in the name of Taylor as sole owner. Was this sale by parol of a third interest in the tug to Riddle. effectual to pass to him any interest in the tug as owner?

Mr. Chancellor Kent in his Commentaries (3 Kent, Comm. 130, 131) says: "A bill of sale is the true and proper muniment of title to a ship, and one which the maritime courts of all nations will look for, and in their ordinary practice require. Possession of a ship and acts of ownership will, in this as in other cases of property, be presumptive evidence of title without the aid of documentary proof, and will stand good until that presumption be destroyed by contrary proof, and a sale and delivery of a ship without any bill of sale. writing or instrument, will be good at law between the parties." So Mr. Greenleaf, in his work on Evidence (1 Greenl. Ev. § 261), observes: "By the statutes of the United States and of Great Britain, 'the grand bill of sale is made essential to the complete transfer of any ship or vessel through or between the parties themselves; a title may be acquired by the vendee without such document." On the other hand, it is said by Mr. Justice Story, in the case of Ohl v. Eagle Ins. Co. [Case No. 10,472]: "I think that a title to a ship cannot pass by parol when she is sold to a purchaser."

Even conceding that the weight of authority is with Mr. Justice Story, yet I think it clear, that when a parol contract of sale is made and is followed by a possession of the ship. the purchaser cannot acquire a lien on the ship for maritime services. The fact that he has an equitable ownership in the vessel is conclusive evidence that he does not render the services on the credit of the vessel, but they are rendered to himself as partowner. The evidence in this case makes it clear that Riddle rendered service to the tug, supposing himself to be one of her owners, and in fact having an equitable title to a third interest in her; and that as soon as he completed the payment of the purchase price, that interest would have been conveyed to him by Taylor, in whom the paper title to the tug remained. Under these circumstances, I am of opinion that Riddle has no lien upon the tug for his services. and that his intervention must be dismissed at his costs. Decree accordingly.